[No. 14220.   Department Two. — April 17, 1891.]

## RICHARD SCOTT, TRUSTEE, RESPONDENT, *v.* GEORGE W. SELLS ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE — COMPLAINT — DESCRIPTION OF TRUSTEE — INSUFFICIENT ANSWER — JUDGMENT ON PLEADINGS. — In an action for the foreclosure of a mortgage, where the plaintiff sues simply as a trustee, without naming the *cestui que trust* named in the note and mortgage, an answer alleging that the defendants have no knowledge or information sufficient to form a belief as to whether the plaintiff was trustee for the party named in the note and mortgage, or as to how or when any trust was created, or as to the nature of the trust if created, but failing to deny the making, execution, and delivery of the note and mortgage, raises no material issue, and the plaintiff is entitled to judgment upon the pleadings.

ID. — VENUE — JUDICIAL NOTICE — SUBDIVISION OF COUNTY. — An objection to a complaint brought to foreclose a mortgage, on the ground that it does not show that the mortgaged premises are in the county where the action was commenced and the decree rendered, is not well taken, where it appears from the description in the mortgage, which is annexed to and made part of the complaint, that the mortgaged premises were part of a legal subdivision which the court knows judicially to have been within the boundaries of the county where the suit was brought at the time of the commencement of the action, although at the date of the mortgage the county had not been subdivided.

APPEAL from a judgment of the Superior Court of Orange County.

The action was brought to foreclose a mortgage given as security for the payment of a promissory note made by the defendants to the plaintiff, "Richard Scott, trustee for Miss Elizabeth Scott." The plaintiff sued simply as "Richard Scott, trustee." The defendants' answer admitted the making, execution, and delivery of the note and mortgage, and alleged that they had no knowledge or information sufficient to form a belief as to whether the said Richard Scott was trustee of Elizabeth as set forth, nor as to how or when a trust, if any, was created, whether by deed or will, nor as to the nature of such trust if created. Further facts are stated in the opinion of the court.

*Wells Hendershott,* and *Charles S. McKelvey,* for Appellants.

*Lee & Scott,* for Respondent.

BEATTY, C. J.— This is an appeal from a decree foreclosing a mortgage.

The complaint is in all respects sufficient, and as the answer raised no material issue, the court properly gave judgment for the plaintiff on the pleadings.

It is objected that the complaint does not show that the mortgaged premises are in the county of Orange, where the action was commenced and the decree rendered. But the description in the mortgage, which is annexed to and made a part of the complaint, shows that the mortgaged premises are part of a legal subdivision which we know to have been within the boundaries of Orange County at the date of the commencement of the action, though at the date of the mortgage it was in Los Angeles County

Judgment affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.